# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.

BENJAMIN GOODWIN,

          Defendant.

Case No. 17-03099-01-CR-S-BP

## MOTION FOR DETENTION

Comes now the United States of America, by and through Thomas Larson, Acting United States Attorney for the Western District of Missouri, and the undersigned Assistant United States Attorney, and hereby moves this Court to order the detention of the defendant, **BENJAMIN GOODWIN**, and states the following in support of the motion:

1. An indictment has been filed charging the defendant with receipt and distribution of child pornography, in violation of Title 18, United States Code, Sections 2252(a)(1) and (b)(1).

2. Title 18, United States Code, Section 3142(f) provides, in pertinent part, that hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions "will reasonably assure the appearance of such person as required and the safety of any other person and the community" if the attorney for the Government moves for such a hearing and the case involves:

"(E) any felony that is not otherwise a crime of violence that involves a minor victim… ."

3. Title 18, United States Code, Section 3142(e) mandates, subject to rebuttal, "it shall be presumed that no conditions or combination of conditions will reasonably assure the appearance of a person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that there is probable cause to believe that the person committed—(E) an offense involving a minor victim under section 2252(a)(2)… of this title."

4. The defendant initially came to the attention of law enforcement after the administrators of Chatstep submitted a Cybertipline Report regarding the defendant's use of its services to post images depicting child pornography. Imagery submitted in the Cybertipline Report depicted a prepubescent child being anally sodomized by an adult's finger.

5. During the course of another investigation, an individual advised the investigators that he and GOODWIN had been trading images depicting child pornography.

6. On August 3, 2017, the investigators made contact with GOODWIN outside his place of employment, the YMCA.

7. GOODWIN admitted that he had sent approximately 25 images depicting child pornography to the other individual and had received approximately the same number in return.

8. The forensic examination of GOODWIN's digital devices is ongoing.

9.  This case involves a minor victim.  See 18 U.S.C. § 3142(g)(1).

10. The evidence against the defendant is overwhelming.  See 18 U.S.C. § 3142(g)(2).

Wherefore, based upon the foregoing, the United States submits that there is clear and convincing evidence that there are no conditions which the Court could place upon the defendant that would reasonably assure the defendant's appearance in Court and the safety of the community.  The Government therefore requests that a detention hearing be held and that the defendant be detained pending trial of this matter.

Respectfully submitted,

Thomas Larson
Acting United States Attorney


By:     /s/ James J. Kelleher_____
        James J. Kelleher
        Assistant United States Attorney
        Missouri Bar No. 51921

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on

August 18, 2017, to the CM-ECF system of the United States District Court for the Western

District of Missouri for electronic delivery to all counsel of record.

> */s/ James J. Kelleher*
> James J. Kelleher
> Assistant United States Attorney